Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
FERNANDO CAMANO, HUGO S. RAMIREZ, and
JOSE ANGEL ROJAS *individually and on behalf of
others similarly situated,*

                             *Plaintiffs,*

                -against-

U.K. CLEANERS, INC., (d/b/a TURTLE BAY
CLEANERS), SOOK HYUN KIM AND IN JA
GWON

                      *Defendants.*
------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiffs Fernando Camano, Hugo S. Ramirez, and Jose Angel Rojas individually and on

behalf of others similarly situated ("Plaintiffs"), by and through their attorneys, Michael Faillace

& Associates, P.C., upon information and belief, and as against each of Defendants U.K.

Cleaners, Inc. (d/b/a "Turtle Bay Cleaners") ("Defendant Corporation"), Sook Hyun Kim, and In

Ja Gwon (collectively, "Defendants"), allege as follows:

<u>**NATURE OF ACTION**</u>

      1.     Plaintiffs are former employees of Defendants U.K. Cleaners, Inc., (d/b/a/ Turtle

Bay Cleaners), Sook Hyun Kim and In Ja Gwon.

      2.     Turtle Bay Cleaners is a full service dry cleaner/laundromat owned by Sook Hyun

Kim and In Ja Gwon, located at 911 Second Avenue New York, NY 10017.

3.      Upon information and belief, Defendants Sook Hyun Kim and In Ja Gwon serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate or operated the dry cleaner/laundromat.

4.      Plaintiffs are former employees of Defendants.

5.      Plaintiffs worked long days in a full service dry cleaner/laundromat located at 911 Second Avenue New York,  NY 10017, where they performed the duties of ironing clothes.

6.      Plaintiffs regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for any of the hours that they worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of their hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay, or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Ramirez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.      At all times relevant to this complaint, Defendants maintain a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

11.      Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor

Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor (the "spread of hours order" and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 146-1.6), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

14.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

15.     Plaintiff Fernando Camano ("Plaintiff Camano" or "Mr. Camano") is an adult individual residing in Queens County, New York.

16.    Plaintiff Camano was employed by Defendants from approximately April 2016 until on or about November 22, 2017. At all relevant times to this complaint, Plaintiff Camano was employed by Defendants to iron clothes.

17.    Plaintiff Hugo S. Ramirez ("Plaintiff Ramirez" or "Mr. Ramirez") is an adult individual residing in New York County, New York.

18.    Plaintiff Ramirez was employed by Defendants from approximately December 2013 until on or about November 22, 2017. At all relevant times to this complaint, Plaintiff Ramirez was employed by Defendants to iron clothes.

19.    Plaintiff Jose Angel Rojas ("Plaintiff Rojas" or "Mr. Rojas") is an adult individual residing in Queens County, New York.

20.    Plaintiff Rojas was employed by Defendants from approximately August 2016 until on or about November 22, 2017. At all relevant times to this complaint, Plaintiff rojas was employed by Defendants to iron clothes.

21.    Plaintiffs consent to being parties pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.    Defendants own, operate, and/or control a full service dry cleaner/laundromat located at 911 Second Avenue, New York, New York 10017 under the name "Turtle Bay Cleaners" at all times relevant to this complaint.

23.    Upon information and belief, Defendants U.K. Cleaners, Inc., ("Turtle Bay Cleaners" or "Defendant Corporation") is a corporation organized and existing under the laws of

the State of New York. Upon information and belief, it maintains its principal place of business at 911 Second Avenue New York, New York 10017.

24.    Defendants Sook Hyun Kim and In Ja Gwon are individuals engaging (or who were engaged) in business within this judicial district during the relevant time period.

25.    Defendants Sook Hyun Kim and In Ja Gwon are sued individually in their capacity as owners, officers and/or agents of Defendant Corporation. Defendants Sook Hyun Kim and In Ja Gwon possess or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendants Sook Hyun Kim and In Ja Gwon determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS
### *Defendants Constitute Joint Employers*

26.    Defendants operate a full service dry cleaner/laundromat located in the Midtown East section of Manhattan.

27.    Individual Defendants Sook Hyun Kim and In Ja Gwon possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

28.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.     Each Defendants possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals) employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

32.     Upon information and belief, individual Defendants Sook Hyun Kim and In Ja Gwon operate Defendant corporation  as either an alter ego of themselves, and/or fail to operate Defendant corporation  as a legal entity separate and apart from themselves by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)     defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporation for their own benefit as sole or majority shareholders;

(e)     operating Defendant Corporation  for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)    intermingling assets and debts of their own with Defendant Corporation;

(g)    diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)    other actions evincing a failure to adhere to the corporate form.

33.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

34.    Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

35.    In each year from 2013 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.    In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used in the full service dry cleaner/laundromat on a daily basis were produced outside of the State of New York.

*Individual Plaintiffs*

37.    Plaintiffs are former employees of Defendants, primarily employed in performing the duties of ironing clothes.

38.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Fernando Camano*

39.     Plaintiff Camano was employed by Defendants from approximately April 2016 until on or about November 22, 2017.

40.     At all relevant times, Plaintiff Camano was employed by Defendants to iron clothes.

41.     Plaintiff Camano regularly handled goods in interstate commerce, such as ironing starches and other cleaning agents necessary to perform his work duties that were produced outside of the State of New York.

42.      Plaintiff Camano's work duties required neither discretion nor independent judgment.

43.     Throughout his employment with Defendants, Plaintiff Camano regularly worked in excess of 40 hours per week.

44.     From approximately April 2016 until on or about November 22, 2017, Plaintiff Camano worked from approximately 8:00 a.m. until on or about 4:00 p.m. two days a week, from approximately 8:00 a.m. until on or about 5:00 p.m. three days a week, and from approximately 8:00 a.m. until on or about 3:00 p.m. Saturdays (typically 50 hours per week).

45.     Throughout his employment with Defendants, Plaintiff Camano was paid his wages in a combination of check and cash.

46.     From approximately April 2016 until on or about November 22, 2017, Defendants paid Plaintiff Camano a fixed salary of $750 per week ($400 by check and $350 in cash).

47.     Plaintiff Camano's pay did not vary even when he was required to work a longer day than his usual schedule.

48.    For example, throughout his entire employment, Defendants required Plaintiff Camano to work one extra hour three days a week, and they did not compensate him for the extra time they required him to work.

49.    Defendants did not provide Plaintiff Camano with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

50.    Throughout most of his employment with defendants, Plaintiff Camano was required to sign false time cards in order to get his weekly paycheck by the manager.

51.    Defendants did not provide Plaintiff Camano with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

52.    Defendants never provided Plaintiff Camano with a written notice, in English and in Spanish (Plaintiff Camano's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

53.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Camano regarding overtime and wages under the FLSA and NYLL.

54.    Defendants required Plaintiff Camano to purchase "tools of the trade" with his own funds—including three pairs of shorts, five shirts, and a pair of work sneakers.

*Plaintiff Hugo S. Ramirez*

55.    Plaintiff Ramirez was employed by Defendants from approximately December 2013 until on or about November 22, 2017.

56.    At all relevant times, Plaintiff Ramirez was employed by Defendants to iron clothes.

57.     Plaintiff Ramirez regularly handled goods in interstate commerce, such as ironing starches and other cleaning agents necessary to perform his work that were produced outside of the State of New York.

58.      Plaintiff Ramirez's work duties required neither discretion nor independent judgment.

59.     Throughout his employment with Defendants, Plaintiff Ramirez regularly worked in excess of 40 hours per week.

60.     From approximately December 2013 until on or about January 2015, Plaintiff Ramirez worked from approximately 7:00 a.m. until on or about 7:00 p.m. Mondays to Fridays, from approximately 8:00 a.m. until on or about 4:00 p.m. two Saturdays a month, and from approximately 8:00 a.m. until on or about 5:00 p.m. for the other two Saturdays of the month (typically 68 to 69 hours per week).

61.     From approximately January 2015 until on or about November 22, 2017, Plaintiff Ramirez worked from approximately 7:30 a.m. until on or about 6:30 p.m. Mondays through Fridays, from approximately 8:00 a.m. until on or about 4:00 p.m. two Saturdays of the month, and from approximately 8:00 a.m. until on or about 5:00 p.m. for the other two Saturdays of the month (typically 63 to 64 hours per week).

62.     Throughout his employment with Defendants, Plaintiff Ramirez was paid his wages by personal checks.

63.     From approximately December 2013 until on or about January 2015, Defendants paid Plaintiff Ramirez a fixed salary of $540 per week.

64.     From approximately January 2015 until on or about November 22, 2017, Defendants paid Plaintiff Ramirez a fixed salary of $600 per week.

65.     Plaintiff Ramirez's pay did not vary even when he was required to work a longer day than his usual schedule.

66.     For example, throughout his entire employment, Defendants required Plaintiff Ramirez to work one extra hour two Saturdays a month, and did not compensate him for the extra time they required him to work.

67.     From approximately December 2013 until on or about January 2015, Defendants granted Plaintiff Ramirez a meal break for 30 minutes. However, Plaintiff Ramirez was constantly interrupted during his breaks.

68.     From approximately January 2015 until on or about November 22, 2017, Defendants granted Plaintiff Ramirez a meal break for 1 hour. However, Plaintiff Ramirez was constantly interrupted.

69.     Throughout his entire employment with Defendants, Plaintiff Ramirez was required to punch in at the start of his shift but for at least two days of the week, Plaintiff Ramirez wasn't able to punch out because he was rushed to leave.

70.     Defendants did not provide Plaintiff Ramirez with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

71.     Throughout most of his employment with defendants, Plaintiff Ramirez was required to sign false time cards in order to get his weekly paycheck by the manager.

11

72.     Defendants never provided Plaintiff Ramirez with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

73.     Defendants never provided Plaintiff Ramirez with a written notice, in English and in Spanish (Plaintiff Ramirez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

74.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Ramirez regarding overtime and wages under the FLSA and NYLL.

75.     Defendants required Plaintiff Ramirez to purchase "tools of the trade" with his own funds—including two electric irons.

*Plaintiff Jose Angel Rojas*

76.     Plaintiff Rojas was employed by Defendants from approximately August 2016 until on or about November 22, 2017.

77.     At all relevant times, Plaintiff Rojas was employed by Defendants to iron clothes.

78.     Plaintiff Rojas regularly handled goods in interstate commerce, such as ironing starches and other cleaning agents necessary to perform his work that were produced outside of the State of New York.

79.      Plaintiff Rojas's work duties required neither discretion nor independent judgment.

80.     From approximately August 2016 until on or about October 30, 2017, Plaintiff Rojas regularly worked in excess of 40 hours per week.

81.     From approximately August 2016 until on or about August 2017, Plaintiff Rojas worked from approximately 8:00 a.m. until on or about 5:00 p.m. Mondays to Fridays and from

approximately 8:00 a.m. until on or about 4:00 p.m. to 5:00 p.m. Saturdays (typically 53 to 54 hours per week).

82.     From approximately September 2017 until on or about October 30, 2017, Plaintiff Rojas worked from approximately 7:30 a.m. until on or about 6:30 p.m. Mondays through Fridays, from approximately 8:00 a.m. until on or about 4:00 p.m. two Saturdays of the month, and from approximately 8:00 a.m. until on or about 5:00 p.m. for the other two Saturdays of the month (typically 63 to 64 hours per week).

83.     From approximately November 1, 2017 until on or about November 22, 2017, Plaintiff Rojas worked from approximately 8:00 a.m. until on or about 3:00 p.m. Mondays through Fridays and from approximately 8:00 a.m. until on or about 1:00 p.m. Saturdays (typically 40 hours per week).

84.     Throughout his employment with Defendants, Plaintiff Rojas was paid his wages in a combination of check and cash.

85.     Throughout his employment with Defendants, Plaintiff Rojas was paid a fixed salary of $750 per week ($400 by check and $350 in cash).

86.     Plaintiff Rojas's pay did not vary even when he was required to work a longer day than his usual schedule.

87.     For example, from approximately August 2016 until on or about August 2017, Defendants required Plaintiff Rojas to work one extra hour Mondays through Fridays, and they did not compensate him for the extra time they required him to work.

13

88.     Defendants did not provide Plaintiff Rojas with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

89.     Throughout most of his employment with defendants, Plaintiff Rojas was required to sign false time cards in order to get his weekly paycheck by the manager.

90.     Defendants never provided Plaintiff Rojas with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

91.     Defendants never provided Plaintiff Rojas with a written notice, in English and in Spanish (Plaintiff Rojas's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

92.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Rojas regarding overtime and wages under the FLSA and NYLL.

93.     Defendants required Plaintiff Rojas to purchase "tools of the trade" with his own funds—including two electric irons.

*Defendants' General Employment Practices*

94.     Defendants regularly required Plaintiffs to work in excess of forty (40) hours per week without paying them the proper minimum wage, overtime compensation or spread of hours pay.

95.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage, overtime compensation or spread of hours pay, as required by federal and state laws.

96.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

97.    Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

98.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

99.    Plaintiffs Camano and Rojas were paid their wages in a combination of personal checks and cash.

100.    Plaintiff Ramirez was paid his wages entirely by personal check.

101.    Defendants willfully engaged in the falsification of the time records of the hours Plaintiffs worked.

102.    Specifically, throughout their entire employment at Turtle Bay Cleaners, Plaintiffs' manager punched in and out for them and required them to sign the false time cards to get paid.

103.    In addition, Plaintiff Ramirez wasn't able to punch out of his shift because he was rushed to leave during closing time.

104.    Defendants failed to post required wage and hour posters in the full service dry cleaner/Laundromat, and did not provide Plaintiffs with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the

wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

105.    By employing these practices, Defendants avoided paying Plaintiffs at the minimum wage rate and the overtime rate of time and a half for any of their hours worked in excess of forty (40) hours per week.

106.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for (1) their full hours worked, (2) for overtime due, and (3) for spread of hours pay.

107.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

108.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former workers.

109.    Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the  dates  of work covered by that payment of wages; name of employee; name of employer; address and phone  number  of employer; rate  or rates of pay and basis thereof, whether paid by the hour, shift, day, week,  salary,  piece, commission,  or other;  gross wages;  deductions;  allowances,  if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the  number  of overtime  hours  worked, as required by NYLL §195(3).

110.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year,  a statement in English and the employees' primary language, containing:  the rate or rates of pay and basis thereof,  whether  paid  by  the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the  regular  pay  day designated by  the  employer;  the  name  of  the  employer;  any  "doing business  as"  names  used  by  the employer; the physical address of the employer's main office or principal place of  business,  and a  mailing address  if  different;  and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

111.    Plaintiffs bring these FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), *i.e.*, persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

112.    At all relevant times, Plaintiffs, and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and

have been subject to Defendants' common practices, policies, programs, procedures, protocols

and plans including willfully failing and refusing to pay them the required minimum wage,

overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

113.    The claims of Plaintiffs stated herein are similar to those of the other similarly

situated employees.

## **FIRST CAUSE OF ACTION**
### **(VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)**

114.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

115.    At all times relevant to this action, Defendants were Plaintiffs' employers (and

employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards

Act, 29 U.S.C. § 203(d).

116.    Defendants had the power to hire and fire Plaintiffs (and the FLSA class

members), controlled their terms and conditions of employment, and determined the rate and

method of any compensation.

117.    At all times relevant to this action, Defendants were engaged in commerce or in

an industry or activity affecting commerce.

118.    Defendants constitute an enterprise within the meaning of the Fair Labor

Standards Act, 29 U.S.C. § 203 (r-s).

119.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the

applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

120.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the

applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

121.    Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

122.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

123.    Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiffs (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

124.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

125.    Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

126.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

127.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the NYLL §§ 2 and 651.

128.    Defendants had the power to hire and fire Plaintiffs (and the FLSA class members), controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

129.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the FLSA class members) less than the minimum wage.

130. Defendants' failure to pay Plaintiffs (and the FLSA class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

131. Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW)

132. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

133. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiffs (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

134. Defendants' failure to pay Plaintiffs (and the FLSA class members) overtime compensation was willful within the meaning of NYLL § 663.

135. Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

136. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

137. Defendants failed to pay Plaintiff Ramirez (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

138.    Defendants' failure to pay Plaintiff Ramirez (and the FLSA class members) an additional hour's pay for each day Plaintiff Ramirez's (and the FLSA class members') spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

139.    Plaintiff Ramirez (and the FLSA class members) were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW)**

140.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

141.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

142.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys fees.

**SEVENTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW)**

143.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

144.    Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

145.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**
**RECOVERY OF EQUIPMENT COSTS**

21

146.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

147.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as irons, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

148.    Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective

collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(f)    Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)    Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Ramirez;

(k)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(m)    Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)    Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
December 1, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

   /s/ Michael Faillace               
By:    Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 24, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Fernando Camano

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      24 de noviembre de 2017

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                Telephone: (212) 317-1200
New York, New York 10165                                Facsimile: (212) 317-1620

——————

Faillace@employmentcompliance.com

November 27, 2017

BY HAND


TO:    Clerk of Court,


I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    **Hugo S. Ramirez**

                                  Michael Faillace & Associates, P.C.
Legal Representative / Abogado:

Signature / Firma:

                                  27 de noviembre de 2017
Date / Fecha:

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 22, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    **Jose Angel Rojas**

                                  Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:                _Jose Angel Rojas_

                                  22 de noviembre de 2017

Date / Fecha:

*Certified as a minority-owned business in the State of New York*